20245. THOMPSON *v.* THE STATE.

SUBMITTED OCTOBER 14, 1958—DECIDED NOVEMBER 7, 1958.

*John J. Sullivan,* for plaintiff in error.

*Andrew J. Ryan, Jr., Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson, Deputy Assistant Attorney-General,* contra.

WYATT, Presiding Justice. 1. The evidence relied upon to sustain the conviction of this defendant was substantially, that he was seen with Holbert at various times during the morning of the robbery, the robbery having occurred at about 3:30 in the afternoon; that he came into the business establishment where the robbery occurred with Holbert, and they had something to eat together; that Holbert needed some money and that he had a pistol, which he testified he intended to sell; that Holbert got up from the table and went out to the car and got the pistol; that the proprietor of the cafe saw something being

554

passed under the table; that the defendant got up and went into another room in the cafe to play shuffleboard, and Holbert went into the same room and something heavy was heard to drop; that Holbert came out of the shuffleboard room alone, and a short time later held a gun on the proprietor of the cafe and removed about $156 from the cash register, the defendant having been in the shuffleboard room all the time.

Several persons testified that, when seen during the morning, the defendant was in possession of a black jack. When arrested shortly after the robbery occurred, the officers testified that the defendant had no gun, black jack, or weapon, and did not have that money taken from the cash register. Holbert had the gun in his possession when taken into custody. The proprietor testified that Thompson did not make any aggressive move toward him, and that he did not see any black jack. He testified that all Thompson did was to ask for change with which to play the shuffleboard. A black jack was later found under the hood of Holbert's automobile, where Holbert testified Thompson put it, whether before or after the robbery does not appear.

It further appears that the defendant made conflicting statements as to how long he had known Holbert and as to where and how he met him. This is all the evidence relied upon by the State to sustain the conviction of this defendant, excluding certain hearsay testimony which, even though admitted without objection, has no probative value.

It will be seen from the above recital of facts that the State wholly failed to connect this defendant with the alleged robbery. There is no evidence that Holbert and the defendant conspired to rob this person or any other, or that they planned or even talked about robbing anyone, or that Thompson knew anything at all about the robbery until it was over. The uncontradicted evidence by the proprietor was that Thompson went into the adjoining room to play shuffleboard, and that while he was in there Holbert robbed him. Therefore it appears that the State wholly failed to prove that the defendant participated in the crime, or conspired to commit any crime, or that he knew anything about it until shortly after it had occurred. The evidence was, therefore, not sufficient to support the verdict,

and it was error to deny the motion for new trial on the general grounds.

2. The special ground of the motion for new trial complains that it was error to admit certain testimony because it was hearsay. It appears that the testimony complained of was not objected to when offered, but was admitted without objection. It therefore follows there is no merit in this ground.

3. For reasons appearing in division one of this opinion, the judgment of the court below denying the motion for new trial was error.

*Judgment reversed. All the Justices concur.*